# IN THE COURT OF COMMON PLEAS
## FOR FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| A.C. (Pending Motion for Leave to Proceed Pseudonymously ) | ) | Case No. |
| | ) | |
| | ) | Judge |
| Plaintiff, | ) | |
| | ) | (Demand for Jury Trial) |
| v. | ) | |
| | ) | This is Refiled Case No. 18-cv-3691, |
| BEST BUY STORES, L.P.; | ) | Previously Assigned to Judge Frye |
| c/o CT Corporation System | ) | |
| 4400 Easton Commons Way, Suite 125 | ) | |
| Columbus, Ohio 43215 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CALEB NORTH | ) | |
| 4819 N. Hummingbird Ct. | ) | |
| Columbus, Ohio 43229 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

FOR HER COMPLAINT against Defendants Best Buy Stores, L.P. and Caleb North, Plaintiff A.C. states as follows:

**Parties, Jurisdiction, and Venue:**

1. Plaintiff A.C. is an adult, and a resident and citizen of the state of Ohio. Contemporaneous with the filing of this Complaint, Plaintiff will move this Court for leave to proceed pseudonymously.

2. Defendant Best Buy Stores, L.P. is a Virginia limited partnership which is licensed to and does conduct business in the state of Ohio. Best Buy owns and/or operates multiple retail electronics stores throughout the country, including one located at 3840 Morse Road, Columbus, Ohio.

1

THE OHIO LEGAL BLANK CO., INC.

**EXHIBIT**
**A**

CLEVELAND, OHIO 44102-1799

3. Defendant Caleb North is an adult, and a resident of the state of Ohio.

4. This Court possess jurisdiction over the subject matter of this action, and possesses jurisdiction over the person of each of the defendants.

5. Venue is proper in this county pursuant to the provisions of Civ. R. 3(B).

**Statement of Facts:**

6. On May 2, 2016, Plaintiff A.C. visited the Best Buy store located at 3840 Morse Road. That store is owned and/or operated by Defendant Best Buy Stores, L.P., and at all times material, Defendant North was employed by Defendant Best Buy and assigned to that location.

7. Plaintiff visited the Best Buy store for the purpose of purchasing a new smart phone to replace her then-existing phone, a Samsung Note 2. In addition, Plaintiff was seeking to buy a phone with an appropriately-configured SIM card to accommodate her upcoming international travel plans.

8. Stored on Plaintiff's Samsung Note 2 were a number of pictures and videos of a personal, intimate, and sexual or private nature. These photographs and videos were not maintained in the Note 2's default image or video folders, but instead in a different folder specifically created by Plaintiff for this purpose.

9. After arriving at the store, Plaintiff was initially assisted in selecting from the various available phones by a particular Best Buy employee.

10. By the time that Plaintiff had reviewed a number of available telephones and ultimately selected one, the Best Buy employee who had been assisting her was no longer available. At that point in time, Defendant Caleb North, a Best

Buy employee, appeared and offered to assist Plaintiff in completing her purchase of the phone.

11. Throughout his interactions with Plaintiff, Defendant North made numerous inappropriate and uncomfortable comments to Plaintiff, such as referring to her as "Sweetie," and making comments complaining about his wife.

12. The Best Buy store did not have the particular make and model of phone that Plaintiff wanted to purchase, and so Defendant North offered to Plaintiff a similar model but with a larger storage capacity, and offered to sell that model to Plaintiff at a split cost (i.e., halfway between the list price of the phone that Plaintiff wanted and the list price of the phone model ultimately offered to her).

13. Having selected the particular phone that she wished to purchase (a Motorola MotoX), Plaintiff asked Defendant North if it would be possible to transfer the existing contacts and text messages from her old phone to the new one. Defendant North replied, in substance, that he could not be sure such a transfer would be possible, but that he would try.

14. To facilitate the transfer of the contacts and the text messages, Defendant North requested that Plaintiff unlock her old phone, and she complied. At or around this point in time, Defendant North commented to Plaintiff about the large number of contacts that she had stored.

15. At the conclusion of the transfer of the text messages and contacts from the old phone to the new, Defendant North informed Plaintiff that the

photographs then-stored on the old phone would be transferred next. At that point, Plaintiff asked Defendant North what, if anything, he could view or see of the photographs during the transfer process. Defendant North responded, in substance, that he could view all of the photographs that were being transferred, and that he could see Plaintiff had some interesting pictures stored on her old phone.

16. Concerned, Plaintiff immediately informed Defendant North that she did not wish for him to transfer any pictures or videos from her old phone to the new one, and that indicated that she had backed up those photo and video files onto Dropbox, a web-based file storage service.

17. At that point, Defendant North represented to Plaintiff that the transfer of her photographs and video files was already underway and that as such, would need to continue. Throughout that process as the files were supposedly being transferred, Defendant North made additional comments to Plaintiff to the effect that he would often tell teenaged girls that he could view the files stored on their phones and that their moms would get upset about that.

18. In response, Plaintiff informed Defendant North that she was uncomfortable with him being able to view the photos and videos stored on her on phone, but jokingly or laughingly referred to the situation, insofar as Defendant North had already told her that he could and had viewed those files during the transfer process.

4

19. At or around this point in time, Defendant North obtained or accessed the particular folder on Plaintiff's old phone in which she stored her personal photographs and videos and said to her, in substance, "Don't worry, I've seen a lot in my job, and you are a Ten."

20. At the conclusion of the transfer of files from the Samsung to the Motorola phones, Defendant North asked Plaintiff if she would like to recycle the former (i.e., old) phone. Plaintiff was hesitant to do so, but ultimately agreed to do so only after Defendant North represented to Plaintiff that (a) the old phone was worthless and would be recycled rather than just discarded, and (b) the old phone would be factory reset, resulting in the permanent deletion of the all of the data (including the photographs and videos) stored on it.

21. At the conclusion of the transaction, Defendant North rang up the purchase of Plaintiff's new phone, and commented to her that he would give her a discount of $10 off the purchase for every photograph given to her. Plaintiff ignored this offer.

22. After ringing up Plaintiff's purchase of the Motorola, Defendant North told Plaintiff that he was then performing a factory reset of the old Samsung phone, and promised her that the reset process was complete. Defendant North further represented to Plaintiff at this time that the old phone would be stored in a locked safe to which only one person (presumably a store manager or other senior official) would have access.

5

23. Several hours later, at or around 10:30 p.m. on the evening of May 2 (i.e., several hours after the Best Buy store closed, and several hours after the point by which Defendant North represented the Samsung phone would be locked in an access-controlled safe), Plaintiff received a notification that her online Dropbox storage account had been accessed via her old Samsung Note 2.

24. By use of the activity logs and/or "recently viewed" file lists provided by the Dropbox service, as well as customer service support provided by Samsung (the manufacturer of the Note 2 telephone), Plaintiff was able to ascertain that the user of the Samsung Note 2 had viewed and/or downloaded a number of the photographs, videos, and files stored on the phone and/or on the Dropbox account itself. Included within these files which were viewed and/or downloaded were numerous pictures and videos of Plaintiff which were of an intimate, personal, or sexual nature.

25. Subsequently, Plaintiff filed a report regarding the incident described above with the Columbus Police Department, and also spoke with other personnel of the Morse Road store. These personnel, including an Assistant Manager named Joshua, represented to Plaintiff that employees could not in fact see any of the contents of phones during the file transfer process.

**Count One: *Computer Fraud and Abuse Act***

26. The averments of paragraphs 1 through 25 above are incorporated by reference as if fully rewritten herein.

27. The actions of Defendant North as described in this complaint constitute violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

28. Defendant North's actions as described in this complaint were undertaken during the regular course and scope of his duties as an agent or employee of Defendant Best Buy, or were otherwise undertaken with the knowledge and/or acquiescence of Defendant Best Buy.

29. By reason of Defendant North and Defendant Best Buy's violations of the Computer Fraud and Abuse Act, Plaintiff has been damaged in an amount which exceeds the sum of Twenty-Five Thousand Dollars ($25,000).

**Count Two:** *Stored Communications Act*

30. The averments of paragraphs 1 through 29 above are incorporated by reference as if fully rewritten herein.

31. The actions of Defendant North as described in this complaint constitute violations of the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*

32. Defendant North's actions as described in this complaint were undertaken during the regular course and scope of his duties as an agent or employee of Defendant Best Buy, or were otherwise undertaken with the knowledge and/or acquiescence of Defendant Best Buy.

33. By reason of Defendant North and Defendant Best Buy's violations of the Stored Communications Act, Plaintiff has been damaged in an amount which exceeds the sum of Twenty-Five Thousand Dollars ($25,000).

## Count Three: *Ohio Rev. Code § 2933.65*

34. The averments of paragraphs 1 through 33 above are incorporated by reference as if fully rewritten herein.

35. The actions of Defendant North as described in this complaint constitute violations Ohio Revised Code §2933.65 regarding violations of the law related to wiretapping and electronic surveillance.

36. Defendant North's actions as described in this complaint were undertaken during the regular course and scope of his duties as an agent or employee of Defendant Best Buy, or were otherwise undertaken with the knowledge and/or acquiescence of Defendant Best Buy.

37. By reason of Defendant North and Defendant Best Buy's violations of R.C. § 2933.65 and related provisions, Plaintiff has been damaged in an amount which exceeds the sum of Twenty-Five Thousand Dollars ($25,000).

## Count Four: *Invasion of Privacy*

38. The averments of paragraphs 1 through 37 above are incorporated by reference as if fully rewritten herein.

39. The actions of Defendant North as described in this complaint constitute the invasion of Plaintiff's privacy by, including but not limited to, the unlawful or unwarranted intrusion into Plaintiff's seclusion and private affairs, the public disclosure of Plaintiff's private affairs, and/or the depiction of Plaintiff in a false light.

40. Defendant North's actions as described in this complaint were undertaken during the regular course and scope of his duties as an agent or employee of Defendant Best Buy, or were otherwise undertaken with the knowledge and/or acquiescence of Defendant Best Buy.

41. By reason of Defendant North and Defendant Best Buy's invasion of Plaintiff's privacy, Plaintiff has been damaged in an amount which exceeds the sum of Twenty-Five Thousand Dollars ($25,000).

**Count Five:** *Intentional Infliction of Emotional Distress*

42. The averments of paragraphs 1 through 41 above are incorporated by reference as if fully rewritten herein.

43. The actions of Defendant North as described in this complaint constitute the intentional infliction of emotional distress upon Plaintiff, insofar as the conduct described herein would and was intended to cause Plaintiff severe emotional distress via the theft of personal, intimate, and sexually-explicit photographs and videos.

44. Defendant North's actions as described in this complaint were undertaken during the regular course and scope of his duties as an agent or employee of Defendant Best Buy, or were otherwise undertaken with the knowledge and/or acquiescence of Defendant Best Buy.

45. By reason of Defendant North and Defendant Best Buy's intentional infliction of emotional distress, Plaintiff has been damaged in an amount which exceeds the sum of Twenty-Five Thousand Dollars ($25,000).

## Count Six: *Negligent Training / Supervision*

46. The averments of paragraphs 1 through 45 above are incorporated by reference as if fully rewritten herein.

47. Defendant Best Buy, as an employer of Defendant North, owed a duty of reasonable care and prudence with respect to the training and supervision of Defendant's North employment and conduct.

48. Defendant Best Buy breached these duties, by way of example and not limitation, by failing to adequately train and/or supervise Defendant North in such a manner as to permit him to engage in the theft of personal and intimate photographs from Plaintiff's phone.

49. By reason of Defendant Best Buy's breach of these duties, Plaintiff has been damaged in an amount which exceeds the sum of Twenty-Five Thousand Dollars ($25,000).

## Count Seven: *Breach of Contract*

50. The averments of paragraphs 1 through 49 above are incorporated by reference as if fully rewritten herein.

51. Plaintiff and Defendant Best Buy entered into a contract for the replacement of Plaintiff's old telephone in exchange for the purchase of a new telephone.

52. An element of the contract between Plaintiff and Defendant Best Buy included that the latter would exercise good faith and ordinary care in the disposal of Plaintiff's old telephone.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Jul 30 2:58 PM-20CV005047

53. Defendant Best Buy breached that contract, by way of example but not limitation, by allowing its employee and agent Defendant North to use Plaintiff's old phone to surreptitiously and without authorization access personal and intimate photographs and videos stored on that old phone and/or Plaintiff's Dropbox account.

54. By reason of Defendant Best Buy's breach of contract, Plaintiff has been damaged in an amount which exceeds the sum of Twenty-Five Thousand Dollars ($25,000).

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. For each of Counts One through Seven above, for compensatory and punitive damages to be assessed against each of Defendants Best Buy and Caleb North, jointly and severally, in an amount which exceeds the sum of Twenty-Five Thousand Dollars ($25,000.00); and

B. Interest, costs, attorney's fees, and any other remedy permitted at law or at equity which the Court may deem appropriate.

Respectfully Submitted,

/s/ Patrick Quinn
Patrick M. Quinn        0081692)
BRUNNER QUINN
35N. Fourth Street, Suite 200
Columbus, Ohio 43215
Telephone:  (614) 241-5550
Facsimile:  (614) 241-5551
Email: pmq@brunnerlaw.com
*Attorney for Plaintiff A.C.*

Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Jul 30 2:58 PM-20CV005017

## DEMAND FOR JURY TRIAL

Pursuant to Civ. R. 38, Plaintiff hereby demands a trial by jury of not less than eight (8) persons on all issues so triable.

/s/ Patrick Quinn
Patrick M. Quinn        0081692)